

**ORDERED in the Southern District of Florida on March 18, 2011.**

John K. Olson, Judge
United States Bankruptcy Court

___

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov**

**In re**:

**Friendship Airways, Inc.**, *et al.*,

      Alleged Debtors.
_____/

Case No. 11-14250-JKO

Chapter 11 (*Jointly Administered*)

**Order Denying Motion to Withdraw as Counsel [ECF No. 69]**

On March 18, 2011, Kevin C. Gleason, Esq., filed a "Motion to be Relieved as Counsel for Creditor Peterson Aircraft Services, Corp" [ECF No. 69]. If I were to grant Mr. Gleason's motion at this point without requiring substitute counsel, Mr. Gleason's client would be severely prejudiced. This is because Peterson Aircraft Service Corp. may not appear without counsel and there is a critical hearing on the Alleged Debtors' Motion to Dismiss scheduled for April 5, 2011. *See Osborne v. Bank of the United States*, 22 U.S. 738, 830 (1824) ("A corporation, it is true, can appear only by attorney, while a natural person may appear for himself"); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381 (5th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only

through agents, cannot appear *pro se*, and must be represented by counsel.") (citing *Commercial and Railroad Bank of Vicksburg v. Slocomb*, 39 U.S. (14 Pet.) 60, 10 L.Ed. 354 (1840); *In re K.M.A., Inc.*, 652 F.2d 398 (5th Cir. Unit B 1981); *Southwest Exp. Co. v. I.C.C., 670 F.2d 53* (5th Cir. 1982)).  I will accordingly deny the motion to withdraw as counsel without prejudice to Mr. Gleason filing a new motion upon the earlier of: (1) resolution of the Alleged Debtors' Motion to Dismiss at ECF No. 55; or (2) substitution of qualified counsel.

      SO ORDERED.

# # #

*Kevin C. Gleason, Esq. is directed to serve copies of this order and file a certificate of service within seven days.*